IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Scott Tabalus, ) | Civil Action No.: 8:13-2211-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Scott Tabalus ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On February 2, 2015, the magistrate judge issued a Report and Recommendation affirming the Commissioner's decision. (ECF No. 32.) The plaintiff filed Objections on February 20, 2015 (ECF No. 34), and on February 27, 2015, the Commissioner filed a Reply (ECF No. 36). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff protectively filed and application for DIB alleging a disability

onset date of January 8, 2009. (R. at 14.) The plaintiff's application was denied initially and on reconsideration. (R. at 82-86, 99-100.) A hearing was held before an ALJ who issued an unfavorable decision dated May 25, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 32.) The Appeals Council denied the plaintiff's request for review (R. at 1-5), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on August 14, 2013 (ECF No. 1).

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 32 at 39.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

**STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the

administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on February 20, 2015 (ECF No. 34), and the defendant filed a reply on February 27, 2015 (ECF No. 36). The plaintiff objects to the magistrate judge's recommendation concerning The Court will consider each specific objection in turn.[1]

The Court would start by observing that the decision of the ALJ is uncommonly thorough, generous, and well-explained. The magistrate judge was right to recommend that the findings in it were based on substantial evidence. The plaintiff's objections are ineffective to change that view. The Court has considered anew and rejected them all, regardless of the extent discussed specifically below.

The plaintiff first argues that the magistrate judge failed to address the ALJ's error in evaluating Dr. Alaric Van Dam's opinion regarding the plaintiff's lifting/carrying capacity. As the plaintiff notes, Dr. Van Dam found, in March 2010, that the plaintiff could not lift/carry more than five pounds, and advised in April 2010 that he should not lift/carry any weight. (R. at 617, 666). The Court comfortably agrees with the magistrate judge that the ALJ addressed this treating source opinion and provided good reasons for the weight he assigned it. *See* 20 C.F.R. § 404.1527(C)(2); SSR 96-2p, 1996 WL 374188, at *5. With

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

record citation, the ALJ could not have been more plain in his explanation that he "accept[ed] the limitations given by Dr. Van Dam on the claimant's lifting, but not the five pounds he demonstrated in his treating notes. Examinations have not shown the severity that would restrict the claimant to no lifting over 5 pounds." (R. at 30 citing Exhibits 26F, 27F, 36F, and 48F.)  This explanation is not, as the plaintiff alleges, contradictory or insufficiently clear. The ALJ's comments expressly signify that, while he credited Dr. Van Dam's opinion generally, that the plaintiff had a limitation in his lifting/carrying ability, he rejected the extreme degree of limitation Dr. Van Dam identified. (R. at 30.) Instead, as the ALJ's RFC finding reflects, he determined that substantial evidence supported a lifting/carrying limitation of a slightly lesser degree—ten pounds occasionally and less than ten pounds frequently.  (R. at 19.)

And, as the magistrate judge acknowledged, the ALJ had substantial evidence to reject Dr. Van Dam's opinion as to the degree of limitation because he found it to be inconsistent with, and unsupported by, examination findings, including his own.  (R. at 30 citing Exs. 26F, 27F, 36F, 48F.)  For example, as the ALJ recounted, in March, April, and June 2010, Dr. Van Dam reported that the plaintiff had full strength (5/5) on motor testing. (R. at 25-26, 29, 30, 602, 612, 665, 673.)  Moreover, on follow up in April and June 2010, Dr. Van Dam made no findings of diminished sensation in the upper extremities. (R. at 665, 673.)

There is no confusion or inconsistency in the ALJ's treatment.

Likewise, the ALJ was not unclear concerning his consideration of Dr. Nicholas DePace's opinion.  The plaintiff continues to argue that the ALJ did not properly explain how he could accept the opinion of Dr. DePace but find only moderate difficulties in

5

maintaining concentration, persistence, or pace where Dr. DePace found such limitations "significant." But, Dr. DePace's opinion is not the only evidence as to difficulties in maintaining concentration. In translating Dr. DePace's opinion, the ALJ had the support of the State agency psychologist, Dr. Edward Waller, who reviewed Dr. DePace's report and agreed that the plaintiff could understand short and simple instructions and perform simple tasks. (R. at 787, 791.) Similarly, as the ALJ noted, Dr. Moore also opined that the plaintiff followed simple directions and could perform simple tasks. (R. at 26, 656.) So there is nothing incongruous in the ALJ's view that Dr. DePace's opinion can "support" the RFC with respect to difficulties in concentration, persistence, and pace, without accepting that opinion as to the limitation's recommended severity. As illustrated, the ALJ had substantial evidence to rely on Dr. DePace's opinion as he did.

The plaintiff next argues that the defendant supplied a post-hoc rationale for the ALJ's evaluation of Dr. Beth Rush's opinion. (ECF No. 34 at 5-6.) The undersigned agrees with the defendant that the Commissioner was simply emphasizing the applicable legal standard in emphasizing that Dr. Rush could not make any ultimate disability decision. The principle quality of both the defendant's argument and the magistrate judge's analysis, however, concerned the reason actually provided by the ALJ for diminishing the weight accorded — the opinion's inconsistency with Dr. Moore's opinion. (ECF No. 25 at pp. 20-21; (ECF No. 32 at pp. 29-31.) The objection is not founded.

Lastly, after a thorough review, the undersigned is comfortable that the recommendation of the magistrate judge otherwise meets the concerns of the plaintiff, on objection, as to the ALJ's Residual Functional Capacity assessment.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner to deny benefits is AFFIRMED.

IT IS SO ORDERED.

      /s/Bruce Howe Hendricks
United States District Judge

March 16, 2015
Greenville, South Carolina